# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2022

Lyle W. Cayce
Clerk

No. 20-60867
Summary Calendar

---

LUD MADAY ALEMAN-GARCIA; ERIKA FERNANDA TORRES-ALEMAN,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 848 811
BIA No. A206 848 812

---

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Lud Maday Aleman-Garcia, a native and citizen of Honduras, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of both her motion to terminate

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60867

proceedings and her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Included in her application as a derivative beneficiary is her daughter, Erika Fernanda Torres-Aleman.

According to Aleman-Garcia, the BIA should have terminated her removal proceedings for lack of jurisdiction in light of *Pereira v. Sessions*, 138 S. Ct. 2105, 2109-10 (2018), because her notice to appear did not include the time and date of her removal hearing. In denying her motion to terminate, the BIA reasoned that Aleman-Garcia's argument was foreclosed by *Pierre-Paul v. Barr*, 930 F.3d 684, 690-91 (5th Cir. 2019). While the *Pierre-Paul* decision has since been abrogated in part by *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1479-80 (2021), we recently explained that "*Niz-Chavez* does not dislodge our ultimate holding in *Pierre-Paul*" that the regulatory provision of 8 C.F.R. § 1003.14 governs "'what a notice to appear must contain to constitute a valid charging document.'" *Maniar v. Garland*, 998 F.3d 235, 242 n.2 (5th Cir. 2021) (quoting *Pierre-Paul*, 930 F.3d at 693). Accordingly, there is no merit to Aleman-Garcia's jurisdictional challenge, since, under § 1003.14, a notice to appear "is sufficient to commence proceedings even if it does not include the time, date, or place of the initial hearing." *Pierre-Paul*, 930 F.3d at 693; *see Maniar*, 998 F.3d at 242 n.2 (confirming that this holding in *Pierre-Paul* "remains the law of our circuit").

Additionally, Aleman-Garcia asserts that the BIA erred in denying her claims for asylum, withholding of removal, and protection under the CAT. The factual determinations underpinning the ultimate conclusion of whether an alien is eligible for such relief are reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, the BIA's factual findings may not be reversed unless the alien shows that "the evidence was so compelling that no reasonable factfinder

No. 20-60867

could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536-37 (quote at 537) (5th Cir. 2009).

With respect to Aleman-Garcia's request for asylum and withholding of removal, she has failed to show that the evidence compels a conclusion that no reasonable factfinder could find, as the BIA did, that there was not a nexus between her alleged past or feared future persecution and a protected ground. *See Sharma v. Holder*, 729 F.3d 407, 411-12 (5th Cir. 2013); *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). She has not shown that either of her two proposed particular social groups relating to her ownership of a small business defying the narcotraffickers was cognizable. *See Jaco v. Garland*, 24 F.4th 395, 405 n.4 (5th Cir. 2021); *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786-87 & n.1 (5th Cir. 2016); *Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006). To the extent that Aleman-Garcia argues that the BIA did not adequately consider her political opinion as a motive for her persecution, her argument fails. *See Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019). Ultimately, Aleman-Garcia has failed to show that the record evidence was so compelling that no reasonable factfinder could conclude that neither her political opinion nor her familial relationship with her husband was a central reason for her alleged past or feared future persecution.[1] *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004).

Furthermore, Aleman-Garcia has not demonstrated that the evidence compels a conclusion that the BIA erred in denying her claim for CAT relief. *See Ramirez-Mejia*, 794 F.3d at 493-94; *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

---

[1] There is no merit to Aleman-Garcia's assertion that a lesser nexus standard applies to her withholding of removal claim. *See Shaikh*, 588 F.3d at 864.

3

No. 20-60867

Finally, we lack jurisdiction to consider Aleman-Garcia's claim for humanitarian asylum, as she failed to exhaust her administrative remedies with respect to this claim by presenting it to the BIA. *See Hernandez-De La Cruz*, 819 F.3d at 786. Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART.