# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2021

Lyle W. Cayce
Clerk

No. 20-60008

Marcelo Eugenio Rodriguez, *also known as* Marcelo Rodriguez Andueza,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of the Order of the
Board of Immigration Appeals
Agency No. A207 311 796

Before Higginbotham, Willett, and Duncan, *Circuit Judges*.
Patrick E. Higginbotham, *Circuit Judge*:

Marcelo Eugenio Rodriguez seeks review of the dismissal of his appeal by the Board of Immigration Appeals ("BIA"). Rodriguez's appeal challenged the immigration judge's denial of his motion to reopen removal proceedings and rescind his in absentia removal order. We grant his petition,

No. 20-60008

vacate the dismissal by the BIA, and remand for further proceedings consistent with *Niz-Chavez v. Garland*.[1]

## I

Rodriguez, a native and citizen of Uruguay, entered the United States on a visitor visa on February 16, 2002. Upon his marriage to a U.S. citizen in 2014, Rodriguez adjusted his status to that of a conditional permanent resident.

On January 30, 2018, Rodriguez was served with a notice to appear ("NTA") at his address in Pasadena, Texas, charging him with removability because he and his wife failed to file a required petition. The NTA did not contain the time and date of his immigration hearing. The immigration court subsequently sent a notice of hearing ("NOH") to Rodriguez's Pasadena address. Rodriguez asserts he did not receive the NOH because he had moved to Georgetown, Texas, after separating from his wife. Consequently, Rodriguez did not appear at his hearing on March 12, 2018, where the immigration judge ordered him removed in absentia.

In July 2018, upon discovering the in absentia removal order, Rodriguez moved to rescind his removal order and reopen removal proceedings pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii). Rodriguez urged that he did not receive the NOH and that the NTA he received was insufficient notice under the Supreme Court's decision in *Pereira v. Sessions*.[2]

The immigration judge denied Rodriguez's motion. Rodriguez appealed to the BIA, which affirmed the immigration judge's decision and dismissed the appeal. The BIA first concluded that Rodriguez failed to rebut

---

[1] 141 S. Ct. 1474 (2021).

[2] 138 S. Ct. 2105 (2018).

No. 20-60008

the presumption of receipt for the NOH. Second, it relied on BIA and Fifth Circuit precedent to find that the NTA combined with the subsequent NOH containing the time and place of Rodriguez's hearing "satisfied the written notice requirements of [8 U.S.C. § 1229(a)]." Rodriguez now petitions for review of the BIA's decision.

## II

This Court applies "a highly deferential abuse-of-discretion standard in reviewing the denial of a motion to reopen removal proceedings."[3] The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies."[4] We review the BIA's conclusions of law de novo but give deference to its reasonable interpretation of immigration regulations and its findings of fact for substantial evidence.[5]

## III

Rodriguez raises two arguments in his petition for review. First, he asserts that he did not receive proper notice pursuant to *Pereira v. Sessions*. Second, he argues that he overcomes the presumption of receipt for the NOH. Because we conclude that the BIA based its decision on a legally erroneous interpretation of § 1229(a), we only address his first argument.

Under 8 U.S.C. § 1229a(b)(5)(C)(ii), an in absentia removal order may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with [8

---

[3] *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017).

[4] *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

[5] *Id.*

U.S.C. § 1229(a)]."[6] Section 1229(a) requires that "written notice (in this section referred to as a 'notice to appear') shall be given" in removal proceedings, and it specifies certain notice requirements including "[t]he time and place at which the proceedings will be held."[7]

The interpretation of § 1229(a)'s notice requirements has been the subject of dispute in recent years, mostly in the context of the stop-time rule. While the stop-time rule is not at issue in this case, it textually references § 1229(a) like the recission of in absentia removal provision at issue here.[8] The stop-time rule provides that "any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a) of this title."[9] In *Pereira v. Sessions*, the Supreme Court held that in the context of the stop-time rule, "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a notice to appear under section 1229(a), and so does not trigger the stop-time rule."[10] We subsequently limited *Pereira* to the stop-time rule[11] and concluded that the written notice requirements under § 1229(a) could be provided in multiple documents.[12] Thus, we reasoned that a defective notice to appear could be "cured" by a subsequent notice of hearing.[13] However,

---

[6] 8 U.S.C. § 1229a(b)(5)(C)(ii).

[7] 8 U.S.C. § 1229(a)(1).

[8] 8 U.S.C. § 1229b(d)(1).

[9] *Id.*

[10] 138 S. Ct. at 2113–14 (internal quotations omitted).

[11] *See Mauricio-Benitez v. Sessions*, 908 F.3d 144, 149 n.1 (5th Cir. 2018).

[12] *Pierre-Paul v. Barr*, 930 F.3d 684, 690–91 (5th Cir. 2019).

[13] *Id.*

the Supreme Court's recent decision in *Niz-Chavez v. Garland* made plain that the § 1229(a) notice requirements must be included in a single document.[14] The question now before us is whether the § 1229(a) notice requirements as interpreted in the stop-time context in *Pereira* and *Niz-Chavez* apply to the provision governing recission of an in absentia removal order at issue in this case.

Rodriguez's reliance on *Pereira* alone is misplaced because we previously recognized that *Pereira* does not apply to petitioners seeking reopening and rescission of in absentia removal orders.[15] We cannot say the same of the Supreme Court's decision in *Niz-Chavez*. While the controversy in *Niz-Chavez* focused on the stop-time rule,[16] the Supreme Court interpreted § 1229(a) separately from the stop-time statute. The Court held that § 1229(a) "require[s] 'a' written notice containing all the required information" and rejected the argument that the requisite notice could be provided by multiple documents.[17] The Court reasoned that "[t]he singular article 'a' thus falls outside the defined term ('notice to appear') and modifies the entire definition. So . . . the law . . . still stubbornly require[s] 'a' written notice containing all the required information."[18]

Both the recission of an in absentia order provision and the stop-time rule provision specifically reference the § 1229(a) notice requirements.[19] The Court's separate interpretation of the § 1229(a) notice requirements in *Niz-*

---

[14] *See* 141 S. Ct. at 1480.

[15] *Mauricio-Benitez*, 908 F.3d at 148 n.1.

[16] 141 S. Ct. at 1479–80.

[17] *Id.* at 1480.

[18] *Id.*

[19] *See* 8 U.S.C. §§ 1229a(b)(5)(C)(ii), 1229b(d)(1).

No. 20-60008

*Chavez* thus applies in the in absentia context. The specific textual reference to § 1229(a) distinguishes these provisions from others we have considered, including § 1227(a)(2)(A) at issue in *Maniar v. Garland*.[20] In *Maniar*, we acknowledged that *Niz-Chavez* overruled the two-step notice process from *Pierre-Paul*.[21] But because the provision at issue in *Maniar* does not reference the § 1229(a) notice requirements, we held that a single notice that did not include the time, date, and place of the initial hearing was a valid charging document because it met the regulatory requirements.[22] Unlike the charging document at issue in *Maniar*, the recission of an in absentia order provision at issue here textually references § 1229(a). Under *Niz-Chavez*'s interpretation of § 1229(a), we therefore require a single document containing the required information in the in absentia context.

The initial NTA did not contain the time and date of Rodriguez's hearing. The BIA found that the NTA combined with the subsequent NOH containing the time and place of Rodriguez's hearing "satisfied the written notice requirements of [8 U.S.C. § 1229(a)]," directly contrary to the Supreme Court's interpretation of § 1229(a) in *Niz-Chavez* which made clear that subsequent notices may not cure defects in an initial notice to appear. The BIA applied a "legally erroneous interpretation[]."[23]

---

[20] 998 F.3d 235, 238 (5th Cir. 2021).

[21] *See id.* at 242 n.2 (*Niz-Chavez* "undermines one of the rationales of our decision in *Pierre-Paul*—namely, that a 'two-step process comports with relevant statutory language [1229(a)]'").

[22] *Id.* at 242.

[23] *Barrios-Cantarero*, 772 F.3d at 1021.

No. 20-60008

## IV

We grant Rodriguez's petition, vacate the BIA's decision, and remand for further proceedings consistent with *Niz-Chavez*.