# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2022

Lyle W. Cayce
Clerk

No. 19-60410

Lorenzo Cueto-Jimenez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088-753-526

Before Stewart, Clement, and Elrod, *Circuit Judges*.

Per Curiam:*

Petitioner Lorenzo Cueto-Jimenez seeks review of a decision of the Board of Immigration Appeals ("Board" or "BIA") affirming the denial of his third motion to reopen removal proceedings. For the reasons that follow, we DENY in part and GRANT in part his petition, and REMAND for further proceedings consistent with this opinion.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

## I

Lorenzo Cueto-Jimenez, a native and citizen of Mexico, entered the United States on a nonimmigrant H-2B visa in June 2007 and remained after the visa expired. On November 10, 2007, the U.S. Department of Homeland Security ("DHS") served him with a putative Notice to Appear ("NTA") charging him as removable from the United States. *See* 8 U.S.C. § 1227(a)(1)(B). But the NTA failed to name the date and time of Cueto-Jimenez's hearing before the Immigration Court. The notice stated that the hearing would be on "a date to be set at a time to be set." Cueto-Jimenez was subsequently served with a Notice of Hearing ("NOH") by his custodial officer, which stated the date and time that his Master Calendar Hearing would be held before the Immigration Court. He received additional NOHs adjusting the date of the hearing to February 4, 2008.

At the February 2008 hearing, Cueto-Jimenez conceded the charges of removability against him. And he requested that the Immigration Judge ("IJ") administratively close his removal proceedings pending adjudication of an immediate relative visa petition filed by Cueto-Jimenez's wife, a United States citizen. The IJ agreed. But the proceedings were subsequently recalendared when the visa petition was withdrawn. Through service of an NOH on his counsel of record, Cueto-Jimenez received notice that the recalendared hearing would be held on June 6, 2012.

Cueto-Jimenez failed to appear before the Immigration Court at the June 2012 hearing and the IJ ordered him removed *in absentia*. *See* § 1229a(b)(5)(A). Cueto-Jimenez's prior counsel timely moved to reopen removal proceedings, which the IJ denied, finding no exceptional circumstances justified Cueto-Jimenez's failure to appear. *See* § 1229a(b)(5)(C)(i).

No. 19-60410

In 2016, present counsel for Cueto-Jimenez filed a second motion to reopen removal proceedings on the basis of ineffective assistance of counsel. The IJ denied the motion. The Board affirmed and dismissed the appeal. Cueto-Jimenez petitioned for review before us, which we denied. *See Cueto-Jimenez v. Sessions*, 735 F. App'x 159, 160 (5th Cir. 2018).

In 2018, Cueto-Jimenez moved to reopen his removal proceedings for the third time, relying on the Supreme Court's recent decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). The Board denied the petition. He petitioned for review before us, which we granted.

## II

We review the Board's denial of a motion to reopen for an abuse of discretion. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016). But we review the legal conclusions underlying the Board's decision *de novo* and its factual findings for substantial evidence in the record. *See Garcia v. Garland*, 28 F.4th 644, 646 (5th Cir. 2022). Cueto-Jimenez raises six challenges to the Board's order, which we review in turn.

First, Cueto-Jimenez argues that his receipt of a defective initial NTA deprived the IJ of jurisdiction over his removal proceedings. But that argument is foreclosed by our holding in *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). There, we held that a defective NTA does not deprive an immigration court of jurisdiction over removal proceedings. *Id.* at 691–93. That portion of *Pierre-Paul*'s holding remains good law. *See Maniar v. Garland*, 998 F.3d 235, 242 (5th Cir. 2021).

Second, Cueto-Jimenez argues that the Board abused its discretion by "applying an incorrect due diligence standard to his equitable tolling claim." We do not address this argument because the BIA declined to rule on equitable tolling and instead ruled on the merits. *See Enriquez-Gutierrez v.*

*Holder*, 612 F.3d 400, 407 (5th Cir. 2010) ("[A court] may usually only affirm the BIA on the basis of its stated rationale . . . .").

Third, Cueto-Jimenez asks us to review whether the BIA abused its discretion in failing to sua sponte reopen the case. But we lack jurisdiction to review the BIA's discretionary decision not to exercise its authority to sua sponte reopen. *See Mejia v. Whitaker*, 913 F.3d 482, 489–90 (5th Cir. 2019).

Fourth, Cueto-Jimenez contends that his due process rights were violated by his receipt of a defective NTA. His substantive due process claim fails to implicate a protected liberty interest. *See Ramos-Portillo v. Barr*, 919 F.3d 955, 963 (5th Cir. 2019). And, because Cueto-Jimenez attended the February 2008 removal hearing for which he received defective notice, he fails to demonstrate prejudice supporting his procedural due process claim.

Fifth, Cueto-Jimenez argues that the BIA ordered him removed *in absentia* after he received a defective NTA, in contravention of our holding in *Rodriguez v. Garland*, 15 F.4th 351 (5th Cir. 2021). In *Rodriguez*, we held that an NTA must contain all of the information described in § 1229(a)(1) to support an *in absentia* removal order, and that when this NTA is defective it may not be cured by a subsequent NOH. *Id.* at 355–56. But *Rodriguez* is distinct from the facts of this case. Unlike the petitioner in *Rodriguez*, Cueto-Jimenez *did* personally attend his initial removal hearing in February 2008, for which he had received a defective NTA. The case was thereafter recalendared and Cueto-Jimenez received a new NOH specifying the date and time of the recalendared removal hearing for June 2012. The relevant notice for assessing the propriety of an *in absentia* order of removal is the notice pertaining to the proceeding at issue. Here, that notice was not the initial NTA but the NOH received after the case was recalendared. Unlike *Rodriguez*, the NOH at issue here did not attempt to cure the initial defective

NTA, and Cueto-Jimenez does not argue that the NOH was otherwise defective. *Rodriguez* does not apply to these facts.

Finally, Cueto-Jimenez argues—and the Government agrees—that the BIA abused its discretion when it found that the defective NTA triggered the "stop time" rule. We agree. Because Cueto-Jimenez did not receive the "single compliant document" required by law, he may be eligible for cancellation of removal. *See Niz-Chavez*, 141 S. Ct. at 1485. We hold that the BIA abused its discretion by committing an error of law. *See Koon v. United States*, 518 U.S. 81, 100 (1996); *see also Nawiini v. Garland*, 853 F. App'x 945, 946 (5th Cir. 2021).

\* \* \*

We GRANT IN PART the petition for review and REMAND the case to the BIA for further consideration of the stop-time issue in light of *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). We DENY all other issues in the petition for review.