# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2022

Lyle W. Cayce
Clerk

————————

No. 20-60617

————————

ALEX FERNANDO URBINA-URBINA,

*Petitioner*,

*versus*

MERRICK GARLAND, U.S. ATTORNEY GENERAL,

*Respondent*,

CONSOLIDATED WITH

————————————

No. 20-60618

————————————

JHONNY JOSUE URBINA-URBINA,

*Petitioner*,

*versus*

MERRICK GARLAND, U.S. ATTORNEY GENERAL,

*Respondent*,

No. 20-60617
c/w No. 20-60618
c/w No. 20-60619

CONSOLIDATED WITH

_____

No. 20-60619

_____

ONOFRE URBINA-LOBO,

*Petitioner*,

*versus*

MERRICK GARLAND, U.S. ATTORNEY GENERAL,

*Respondent*.

_____

Petition for Review of an Order of
The Board of Immigration Appeals
No. A 206 782 646
No. A 206 782 647
No. A 206 782 645

_____

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.
PER CURIAM:*

This is a consolidated petition seeking review of three orders from the
Board of Immigration Appeals ("BIA"), affirming decisions from an
immigration judge ("IJ") denying Petitioners' motions to reopen. For the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60617
c/w No. 20-60618
c/w No. 20-60619

reasons set forth below, we VACATE the BIA decision and REMAND for reconsideration.

I.

Petitioners Onofre Urbina Lobo ("Onofre") and her sons Alex Fernando Urbina-Urbina ("Alex") and Jhonny Josue Urbina-Urbina ("Jhonny") are natives and citizens of Honduras. They entered the United States without inspection on June 5, 2014. Onofre has two other children who are both United States citizens.

On June 8, 2014, Onofre was served with a notice to appear (NTA) for herself, Alex, and Jhonny – the notices charged that all three individuals were removable as aliens present in the United States without being admitted or paroled. The NTAs listed the family's address as 911 Tidwell Apt #28 (the "Tidwell address"), and informed the family members of the requirement to provide an address and to notify the immigration court of any change in address. The NTAs also informed the family that failure to appear would result in an in absentia removal order. The NTAs did not, however, contain the date or time of the removal hearings.

Notices of hearing dated September 9, 2014 were subsequently mailed to the Tidwell address. These notices stated that the removal hearings would be held on September 24, 2014. When Onofre and her sons failed to appear at their hearings, they were removed in absentia that same day.

In 2019, during a check-in with immigration, Onofre was told that she "needed to talk to an attorney" about her case. Furthermore, the family asserts that at that time they learned, for the first time, that Alex and Jhonny had been ordered removed. The three family members subsequently moved to reopen their cases. After an IJ denied the motions, the family appealed to the BIA, and the BIA affirmed the IJ's denial.

No. 20-60617
c/w No. 20-60618
c/w No. 20-60619

All three family members filed timely petitions for review with this court. *See* 8 U.S.C. § 1252(b)(1). Thereafter, the cases were consolidated.

## II.

"[W]e review the BIA's denial of a motion to reopen or to reconsider under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). "The Board abuses its discretion when it issues a decision that is capricious, irrational, . . . [or] based on legally erroneous interpretations of statutes or regulations . . . . The BIA's conclusions of law are reviewed *de novo*." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

## III.

Statutory notice is the central issue in this case. All three family members argued before the BIA that they did not receive proper notice of the removal hearing, and thus that they should not have been removed in absentia. The BIA only addressed this argument in its order in Onofre's case, holding that "reopening and termination is not warranted" where an alien did not appear at a scheduled hearing after being served with a notice to appear that did not specify the time and place of the initial removal hearing, so long as subsequent notice of hearing specifying that information was properly sent to the alien. Though the BIA ignored this issue in its orders in Alex and Jhonny's cases, the claims were exhausted because they "gave the Board a chance to consider each claim." *Martinez-Geuvara v. Garland*, 27 F.4th 353, 361 (5th Cir. 2022).[1]

---

[1] We have held that in such situations, where a petitioner has presented a claim to the BIA, the petitioner need not move the BIA to reconsider its ruling to exhaust that claim before raising the issue with us. *Id.* at 360.

No. 20-60617
c/w No. 20-60618
c/w No. 20-60619

The reasoning relied on by the BIA in its holding is now foreclosed by Fifth Circuit precedent. In *Rodriguez v. Garland*, 15 F.4th 351 (5th Cir. 2021), we held that "in the in absentia context," an NTA must consist of "a single document containing the required information" regarding the removal hearing. *Id.* at 355. *Rodriguez* controls the outcome of this case because here, as in *Rodriguez*, the initial NTAs did not contain the date and time of the removal hearings. *Id.* And here, just as in *Rodriguez*, the BIA concluded that the deficiency was cured by a "subsequent notice of hearing specifying that information." *Id.* The BIA's conclusion to that effect was an abuse of discretion, as it was based on an erroneous interpretation of a statute. *See Barrios-Cantarero*, 772 F.3d at 1021.

The Government does not argue before us that the family provided no viable mailing address, and thus that they forfeited their right to notice under § 1229a(b)(5)(B). Though the Government *does* argue that the family needed to update DHS/ICE and the immigration court separately, this argument is made in a conclusory fashion and we have held otherwise in similar circumstances. *See Spagnol-Bastos v. Garland*, 19 F.4th 802, 806 n.1 (5th Cir. 2021) ("The parties also dispute whether [the Petitioner] needed to notify the immigration court of his new address independently of INS officials. To the extent that the government's position is that [the Petitioner] forfeited his right to notice by notifying INS officials but not the immigration court, it lacks merit.").

Accordingly, we VACATE the three BIA decisions and REMAND the three cases for reconsideration in light of *Rodriguez v. Garland*, 15 F.4th 351 (5th Cir. 2021).

5