# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2022

Lyle W. Cayce
Clerk

No. 19-60464

Erika Jisela Yanez-Pena, *also known as* Erika Jisela Pena-Yanez,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 349 634

---

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Wiener, Graves, and Willett, *Circuit Judges.*

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60464

In 2020, we denied Petitioner Erika Yanez-Pena's petition for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reopen her removal proceedings. *Yanez-Pena v. Barr*, 952 F.3d 239, 241 (5th Cir. 2020), *cert. granted, judgment vacated sub nom. Yanez-Pena v. Garland*, 209 L. Ed. 2d 727 (2021). We did so after concluding that, as a matter of first impression, "(1) the information statutorily required to be contained in" a Notice to Appear ("NTA") "may be supplied in more than one document," and (2) the stop-time rule, which halts the period of physical presence required for eligibility for cancellation of removal, and which is triggered "when the alien receives all required information, whether in one document or more." *Id.* at 241.

The Supreme Court recently rejected this rule, holding that the stop-time rule is only triggered by the receipt of a single NTA that contains all the statutorily required information. *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1485–86 (2021). In light of this pronouncement, the Supreme Court granted the petition for a writ of certiorari, vacated our decision, and remanded the case for further consideration in light of *Niz-Chavez. Yanez-Pena*, 209 L. Ed. 2d at 727. Since then, we have concluded that *Niz-Chavez*'s holding applies to cases—like this one—in which a petitioner was ordered removed in absentia. *Rodriguez v. Garland*, 15 F.4th 351, 355 (5th Cir. 2021) ("Under *Niz-Chavez*'s interpretation of § 1229(a), we . . . require a single document containing the required information in the in absentia context."), *reh'g denied*, 31 F.4th 935 (5th Cir. 2022).

The petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this opinion.