# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2022

Lyle W. Cayce
Clerk

No. 20-61008
Summary Calendar

Cintia Lizeth Garcia-Turcios,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 892 582

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:[*]

Cintia Lizeth Garcia-Turcios, a native and citizen of Honduras, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of her motion to reopen and to rescind an in absentia removal order entered against her. In her petition

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61008

for review, Garcia-Turcios argues that the IJ should have reopened her proceedings because she never received the notices of hearing that were sent to her Florida mailing address and the toll-free number she called failed to provide her with any information about her hearing date. She also contends that her notice to appear (NTA) was defective for not including a time and date for her removal hearing, in violation of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Because we agree with her latter argument, in light of new developments in addition to *Pereira*, we do not consider her former argument.

We review the denial of a motion to reopen under a deferential abuse-of-discretion standard. *Rodriguez v. Garland*, 15 F.4th 351, 354 (5th Cir. 2021). An erroneous interpretation of the law is an abuse of discretion. *Id.*

Pursuant to 8 U.S.C. § 1229a(b)(5)(C)(ii), an in absentia removal order may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with [§ 1229(a)(1) or (2)]." 8 U.S.C. § 1229a(b)(5)(C)(ii). Section 1229(a)(1) requires that written notice—in the form of an NTA—be provided in removal proceedings and that the NTA shall include, among other things, "[t]he time and place at which the proceedings will be held." § 1229(a)(1)(G)(i).

In *Pereira*, the Supreme Court held that an NTA that fails to inform an alien of when and where to appear is invalid and therefore does not trigger the stop-time rule of 8 U.S.C. § 1229b(d), ending the period of continuous presence in the United States for purposes of cancellation of removal. 138 S. Ct. at 2109-10. After *Pereira*, we endorsed a two-step notice process, holding that a perfected NTA triggers the stop-time rule when an alien receives all required information, whether in one document or more. *Pierre-Paul v. Barr*, 930 F.3d 684, 690-91 (5th Cir. 2019), *overruled in part as recognized by Maniar v. Garland*, 998 F.3d 235, 242 n.2 (5th Cir. 2021).

2

No. 20-61008

After the parties submitted their briefs, the Supreme Court rejected the two-step process endorsed by *Pierre-Paul*, holding that an NTA is inadequate to trigger the stop-time rule unless it contains the time and place of the proceedings. *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1484-86 (2021). Applying *Niz-Chavez*, we held that, in the context of in absentia removal orders, a single document containing the statutory information is required for the alien to receive proper notice. *Rodriguez*, 15 F.4th at 355. Garcia-Turcios's NTA was therefore invalid because it did not include the date and time of her removal hearing, and the deficiency was not cured by subsequent notices. *See id.* at 355-56. In light of *Niz-Chavez* and *Rodriguez*, the BIA's denial of Garcia-Turcio's motion to reopen was an abuse of discretion because it was based on an erroneous interpretation of the law. *See Rodriguez*, 15 F.4th at 354.

Accordingly, Garcia-Turcios's petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this opinion.