# United States Court of Appeals for the Fifth Circuit

No. 20-60866
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2022

Lyle W. Cayce
Clerk

Reina Elizabeth Ramirez De Ayala,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 962 870

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Reina Elizabeth Ramirez De Ayala, a native and citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming the denial by an Immigration Judge (IJ) of her motion to reopen and to rescind in the absentia removal order entered against her. In her petition

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

for review, Ramirez De Ayala argues that she established exceptional circumstances to justify reopening her immigration proceedings based on her mother's death. Further, Ramirez De Ayala argues that the IJ lacked jurisdiction over her immigration proceedings because the notice to appear (NTA) was defective for not including a time and date for her removal hearing, in violation of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Because the NTA was defective, Ramirez De Ayala also contends that the in absentia removal order was invalid.

In *Pereira*, the Supreme Court held that an NTA that fails to inform an alien of when and where to appear is invalid and therefore does not trigger the stop-time rule of 8 U.S.C. § 1229b(d), ending the period of continuous presence in the United States for purposes of cancellation of removal. 138 S. Ct. at 2109-10. After *Pereira*, we held that a perfected NTA triggers the stop-time rule when an alien receives all required information, whether in one document or more. *Pierre-Paul v. Barr*, 930 F.3d 684, 690-91 (5th Cir. 2019). Further, we held that, even if the NTA were defective and could not be cured, the regulation governing the NTA constitutes a claim processing rule, rather than a jurisdictional rule. *Id.* at 691-93. Therefore, an invalid NTA did not deprive an IJ of jurisdiction. *See Martinez-Lopez v. Barr*, 943 F.3d 766, 769-70 (5th Cir. 2019).

The Supreme Court rejected the two-step process endorsed by *Pierre-Paul*, holding that an NTA is inadequate to trigger the stop-time rule unless it contains the time and place of the proceedings. *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1484-86 (2021). Applying *Niz-Chavez*, we have held that, in the context of in absentia removal orders, a single document containing the statutory information is required for the alien to receive proper notice. *Rodriguez v. Garland*, 15 F.4th 351, 355 (5th Cir. 2021). *Niz-Chavez* did not address whether an inadequate NTA is insufficient to vest the immigration court with jurisdiction. *See Niz-Chavez*, 141 S. Ct. at 1479-80, 1485. On that

No. 20-60866

question, *Pierre-Paul* is distinguishable and remains good law. *See Rodriguez*, 15 F.4th at 355; *Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021).

However, *Rodriguez* specifically held that an NTA that does not specify the date and time of the hearing is defective in the context of in absentia removal hearings. *Rodriguez*, 15 F.4th at 355-56. Ramirez De Ayala's NTA was invalid because it did not include the date and time of her removal hearing, and the deficiency was not cured by subsequent notices. *See id.*

Accordingly, Ramirez De Ayala's petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED.