# United States Court of Appeals for the Fifth Circuit

No. 20-61193
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2022

Lyle W. Cayce
Clerk

Mari Sonia Portillo-Aceituno,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 959 625

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Mari Sonia Portillo-Aceituno, a native and citizen of Honduras, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing her appeal from the Immigration Judge's (IJ) denial of her motion to reopen proceedings. On September 21, 2002, the U.S. Department of

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61193

Justice (DOJ) Immigration and Naturalization Service personally served Portillo-Aceituno with a Notice to Appear (NTA) that contained the place, but not the date or time of her hearing. A Form I-830, dated September 24, 2002, noted that Portillo-Aceituno reported her address would be "c/o Gloria Argentina PORTILLO-Aceituno; aka: Maria Vitalina PORTILLO-Melendez (Cousin) 2434 Prospect Ave. Bronx, NY 10458" upon her release from custody. A notice of hearing was mailed to this address. The notice was returned to the DOJ Executive Office for Immigration Review as "attempted not known[.]" On February 25, 2003, Portillo-Aceituno failed to appear and the IJ entered an in absentia order of removal against her.

This court reviews "the BIA's denial of a motion to reopen or to reconsider under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). We review the BIA's rulings of law de novo and its findings of fact for substantial evidence. *Id.* Under the substantial evidence standard, we "may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Portillo-Aceituno argues that the BIA abused its discretion in affirming the IJ's denial of her motion to reopen on the basis that she was properly served with her NTA.[1] She asserts that her older cousin, who

---

[1] On September 27, 2021, after the parties submitted briefing in this case, this court issued *Rodriguez v. Garland*, 15 F.4th 351, 354-56 (5th Cir. 2021), which held that an initial NTA lacking a date, time, and place of a removal hearing does not meet the relevant

traveled to the United States with her, was served with her NTA and her cousin provided the inaccurate address without her knowledge. She highlights that she was 16 at the time, did not speak English, and could not write or read Spanish. As a result of the inaccurate address, she maintains that she could not have received proper notice of her removal proceedings and the IJ should not have ordered her removed in absentia.

Here, the BIA did not abuse its discretion in concluding that Portillo-Aceituno was personally and properly served with her NTA. *See Barrios-Cantarero*, 772 F.3d at 1021. First, this court cannot overturn the BIA's factual finding that Portillo-Aceituno was personally served with the NTA because the evidence does not compel a contrary conclusion. *See Gomez-Palacios*, 560 F.3d at 358. The NTA bears Portillo-Aceituno's signature and fingerprint; she was provided oral notice in Spanish of the time (to be set) and place of her hearing and the consequences of her failure to appear; and she acknowledges that she did sign the NTA. There is nothing in the record to suggest that Portillo-Aceituno's cousin was served with the NTA instead. Furthermore, the BIA has interpreted its regulations to permit NTA service on minors 14 years old or older, and we have approved that interpretation. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 645-46 (5th Cir. 2010); 8 C.F.R. § 103.8(c)(2)(ii).

Similarly, the BIA did not abuse its discretion in concluding that notice was proper where the hearing notice was sent to Portillo-Aceituno's address of record and the NTA informed her of the consequences of failing to notify the immigration court of any change of address. *See Barrios-*

---

statutory requirements and such defects cannot be cured by subsequent written notice of the hearing. Portillo-Aceituno did not raise this case or suggest relevancy to her case via a Federal Rule of Appellate Procedure 28(j) letter. We will treat any such argument as abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

No. 20-61193

*Cantarero*, 772 F.3d at 1021; *see also Lopez-Dubon*, 609 F.3d at 646-47.  An alien is required to provide the immigration court with an address and take affirmative steps to ensure the accuracy of the address.  *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148-49 (5th Cir. 2018).  This obligation exists "[r]egardless of how [any] error in [the alien's] address was introduced."  *Id.* at 149.  Thus, even if Portillo-Aceituno's cousin was the party to provide an inaccurate address on the Form I-830, resulting in Portillo-Aceituno's failure to receive her notice of hearing by mail, Portillo-Aceituno's affirmative address reporting obligations remained.  *See id.*  Accordingly, the BIA did not abuse its discretion in upholding the denial of Portillo-Aceituno's motion to reopen removal proceedings.  *See Barrios-Cantarero*, 772 F.3d at 1021.

Finally, Portillo-Aceituno contends that the BIA committed legal error in finding that the facts and circumstances of her case failed to demonstrate the BIA's exercise of its sua sponte authority was warranted.  We lack jurisdiction to consider the BIA's refusal to reopen Portillo-Aceituno's removal proceedings sua sponte.  *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017).

Accordingly, the petition for review is DENIED in part and DISMISSED in part.

4