# United States Court of Appeals
# for the Fifth Circuit

————————

No. 21-60195

————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 19, 2023

Lyle W. Cayce
Clerk

Dagoberto Luna,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A076 839 445

———————————————————————

Before Higginbotham, Southwick, and Willett, *Circuit Judges*.
Per Curiam:[*]

Dagoberto Luna petitions for review of the Board of Immigration Appeals' dismissal of his appeal of an immigration judge's denial of his motion to rescind an *in absentia* removal order. Luna contends he received a defective Notice to Appear that renders the *in absentia* removal order invalid. We agree. We GRANT Luna's petition, VACATE, and REMAND for further proceedings.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60195

## FACTUAL AND PROCEDURAL BACKGROUND

Dagoberto Luna, a native and citizen of Mexico, entered the United States without possessing a valid visa, reentry permit, border crossing card, or other entry document. According to Luna, he entered the United States in 1997 and applied for adjustment of status, which was denied in 2002. A Notice to Appear (NTA) was sent to him on June 26, 2003, via regular mail, that informed him that he was removable pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I).

The NTA informed Luna that he was to appear for a removal hearing at an immigration court in Houston and warned him of the consequences of failing to appear. The NTA stated that the hearing date and time were "[t]o be calendared and notice provided by the office of the Immigration Judge." A notice of hearing (NOH) was mailed to the same address as the NTA, informing Luna that his hearing was scheduled for November 13, 2003, at 8:30 a.m. Luna failed to appear, and the immigration judge (IJ) conducting the hearing ordered him, *in absentia*, to be removed to Mexico.

In September 2018, Luna filed a motion to rescind the removal order and to reopen his immigration proceedings. Luna asserted he received neither the NTA nor the NOH. In addition, he asserted his evidence rebutted any presumption of delivery. Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Luna also argued that the NTA was defective because it failed to specify the date and time of the hearing. Also pursuant to *Pereira*, Luna argued he was *prima facie* eligible for cancellation of removal. In the alternative, Luna requested that the IJ reopen the proceedings *sua sponte* due to changes in the law wrought by *Pereira*.

In December 2019, the IJ denied Luna's motion. The IJ determined that *Pereira* was limited in scope and did not hold that an invalid NTA deprives the IJ of jurisdiction. Further, the IJ found that Luna had failed to

No. 21-60195

rebut the presumption of delivery. The IJ concluded that the notice provided in the NOH, after the issuance of the NTA, was sufficient, and therefore Luna had not proven the proceedings should be reopened. As to Luna's request for the court to reopen the proceedings *sua sponte*, the IJ found that Luna had not established his *prima facie* eligibility for cancellation of removal based on exceptional and extremely unusual hardship to his qualifying relatives. Additionally, the IJ concluded that *Pereira* did not justify *sua sponte* reopening because its holding was limited in scope and did not apply in Luna's case. Accordingly, the motion to reopen the proceedings was denied.

The Board of Immigration Appeals ("BIA") dismissed Luna's appeal in February 2021. First, the BIA found that Luna had not rebutted the presumption that the NTA and NOH were delivered. Further, the BIA determined that Luna's claim that the NTA was invalid was foreclosed by BIA and Fifth Circuit precedent. Additionally, the BIA noted that Luna's motion to reopen to seek cancellation of removal was untimely and that he had not proved that his relatives would suffer exceptional and extremely unusual hardship if he were removed. Finally, the BIA broadly determined that reopening was not warranted under its *sua sponte* authority. Luna then filed a timely petition for review.

## DISCUSSION

This court applies "a highly deferential abuse-of-discretion standard in reviewing the denial of a motion to reopen removal proceedings." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017). The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772

No. 21-60195

F.3d 1019, 1021 (5th Cir. 2014). We review conclusions of law *de novo* and findings of fact for substantial evidence. *Id.*

Luna argues that the BIA abused its discretion when it declined to reopen proceedings because (1) his NTA was defective and (2) he has successfully rebutted the presumption of receipt for his NTA and NOH. Luna also argues that the BIA erred in (3) not exercising its *sua sponte* authority to reopen proceedings. Because we conclude that Luna's first argument has merit, we need not reach Luna's other issues.

### I.   *Notice to appear*

When the government initiates removal proceedings under 8 U.S.C. § 1229a, it is required to provide an alien with a written NTA. Section 1229(a) provides that the NTA "shall be given . . . to the alien . . . specifying" — among other things — "[t]he time and place at which the proceedings will be held." § 1229(a)(1)(G)(i). Service of notice of the time and place of a removal proceeding is sufficient if provided at the most recent address given by the alien. § 1229a(b)(5)(A).

If an alien fails to appear at his removal proceedings "after written notice required under [8 U.S.C. § 1229(a)(1) or (2)] has been provided," then the alien "shall be ordered removed in absentia [so long as the government] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." § 1229a(b)(5)(A).

An alien may move to reopen proceedings in which an *in absentia* removal order was issued and to rescind that order "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title." § 1229a(b)(5)(C)(ii).

4

No. 21-60195

Luna contends that because the NTA was defective by not containing the date and time of his hearing, the IJ lacked jurisdiction over his immigration proceedings and the *in absentia* removal order was invalid.

We begin by reviewing relevant precedents, some of which were issued after Luna filed his petition for review in this case.

In *Pereira*, 138 S. Ct. at 2109–10, the Supreme Court held that an NTA that fails to inform an alien of when and where to appear is invalid; it therefore does not invoke the stop-time rule of 8 U.S.C. § 1229b(d), which ends the period of continuous presence in the United States for purposes of cancellation of removal.

In *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1484–86 (2021), the Court held that for purposes of the stop-time rule, an NTA must contain all the relevant information on the hearing — including the time and place of the proceedings — in a single document.

In *Rodriguez v. Garland*, 15 F.4th 351, 354–55 (5th Cir. 2021), this court applied *Niz-Chavez* outside of the stop-time context. There, Rodriguez was served with an NTA that did not contain the time and date of his immigration hearing. *Id.* at 353. Later, the immigration court sent an NOH containing the information missing from the NTA. *Id.* When Rodriguez did not appear at his removal hearing, the IJ ordered him removed *in absentia*. *Id.* Later, Rodriguez moved to rescind his removal order and reopen proceedings. *Id.* The IJ denied his motion; the BIA affirmed and dismissed. *Id.* Applying *Niz-Chavez*'s logic, we held that, in the context of *in absentia* removal orders, a single document containing the statutory information is required for the alien to receive proper notice. *Id.* at 354–55. Thus, we vacated the BIA's decision and remanded. *Id.* at 356.

*Niz-Chavez* and *Rodriguez* did not address whether an inadequate NTA still vests the immigration court with jurisdiction. After *Pereira* but

5

No. 21-60195

before *Niz-Chavez*, though, we had held that, even if the NTA were defective and could not be cured, the regulation governing the NTA constituted a claim processing rule, not a jurisdictional rule. *Pierre-Paul v. Barr*, 930 F.3d 684, 690–91 (5th Cir. 2019) (citing 8 C.F.R. § 1003.14), *abrogated in part on other grounds by Niz-Chavez*, 141 S. Ct. at 1479–80. Therefore, an invalid NTA does not deprive an IJ of jurisdiction. *See id.* at 691–93. Post-*Niz-Chavez*, we held that *Pierre-Paul* remains good law on the question of jurisdiction. *See Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021). Luna's argument that the immigration court lacked jurisdiction is foreclosed.

As to whether a defective NTA renders the *in absentia* removal order invalid, *Rodriguez* is on point. As in *Rodriguez*, the NTA sent to Luna did not contain the date and time of his proceedings and therefore was defective. Under *Rodriguez*, an IJ may not issue an *in absentia* order of removal when the NTA did not contain all the required information, even if a subsequent NOH added the omitted details.[1] *Rodriguez*, 15 F.4th at 355–56. As a result, the defective NTA here rendered the *in absentia* removal order invalid.[2] Luna has not received proper notice in accordance with Section 1229(a).

––––––––––––––––––––––––––––

[1] A later opinion of this court may be seen as inconsistent with *Rodriguez*. *See Campos-Chavez v. Garland*, 54 F.4th 314 (5th Cir. 2022), *petition for cert. filed* (Jan. 20, 2023). We need not analyze possible inconsistencies because *Rodriguez*, as the earlier precedent, controls. *See GlobeRanger Corp. v. Software AG U.S., Inc.*, 836 F.3d 477, 497 (5th Cir. 2016).

The everything-in-the-NTA rule is not to be carried too far. The Supreme Court held that if the initial NTA provided full notice, it is proper "to send a supplemental notice amending the time and place of an alien's hearing if logistics require a change. *See* 8 U.S.C. § 1229(a)(2)." *Niz-Chavez*, 141 S. Ct. at 1485.

[2] There is no contention that Luna failed to provide the Government with a viable mailing address. Thus, this case does not implicate a separate line of precedent addressing when an alien forfeits the right to notice. *See Gudiel-Villatoro v. Garland*, 40 F.4th 247, 249 (5th Cir. 2022); *Platero-Rosales v. Garland*, 55 F.4th 974, 980 (5th Cir. 2022) (Richman, C.J., concurring).

6

The BIA applied a "legally erroneous interpretation[]" in declining to reopen proceedings because of Luna's defective NTA. *See Barrios-Cantarero*, 772 F.3d at 1021. In light of this error, we need not address whether Luna rebutted the presumption of receipt for the NTA or NOH. Nor is it necessary for us to consider the BIA's *sua sponte* authority.

We GRANT Luna's petition, VACATE the BIA's decision, and REMAND for further proceedings consistent with this opinion.