# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2025

Lyle W. Cayce
Clerk

———————

No. 24-60631
Summary Calendar

———————

WALTER ALEXANDER AVALOS-CASERES,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 284 423

———————————————————

Before BARKSDALE, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Walter Alexander Avalos-Caseres, a native and citizen of El Salvador, was ordered removed *in absentia* after he failed to appear at his scheduled removal hearing on 23 September 2004. He petitions for review of the Board of Immigration Appeals' (BIA) denying his September 2023 second motion to reopen his proceedings. This second motion sought rescission of his *in*

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60631

*absentia* order of removal under 8 U.S.C. § 1229a(b)(5)(C)(ii) and requested reopening to allow him to apply for cancellation of removal.

Avalos asserts the BIA erred by:  concluding the omission of a notice date and time from his notice to appear (NTA) did not deprive the immigration court of jurisdiction over his removal hearing in 2004; charging him with notice of his removal proceeding; denying his motion to reopen; declining to *sua sponte* reopen this matter; concluding his due-process rights were not violated; and concluding he failed to demonstrate *prima facie* eligibility for cancellation of removal.

The BIA's denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard".  *Garcia v. Garland*, 28 F.4th 644, 646 (5th Cir. 2022) (citation omitted).  The BIA's ruling will not be disturbed "unless it is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established polices".  *Garcia-Gonzalez v. Garland*, 76 F. 4th 455, 461 (5th Cir. 2023) (citation omitted).  Questions of law underlying the BIA's decision are reviewed *de novo*; its factual findings, under the substantial-evidence standard.  *Id.*

Our court's precedent forecloses Avalos' first assertion:  the omission of a hearing date and time in his NTA deprived the immigration court of jurisdiction.  *Garcia*, 28 F.4th at 646–648 (holding NTA lacking date and time of hearing does not deprive immigration court of jurisdiction).

Regarding his second contention, the BIA determined the subsequent notice of hearing (NOH) provided proper notice—as required by 8 U.S.C. § 1229(a)(2)—of the 23 September 2004 hearing.  Accordingly, the BIA held *Campos-Chaves v. Garland*, 602 U.S. 447 (2024) (holding alien is ineligible for recission if NOH was provided in accordance with 8 U.S.C. § 1229(a)(2), even if NTA did not include hearing date and time), precluded rescission of

his *in absentia*-removal order. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii) (requiring alien to demonstrate no notice was received to have order of removal rescinded).

He contends he did not receive the NOH despite having provided the immigration court with a proper mailing address. In rejecting this assertion, the BIA observed the issue was previously resolved in connection with his first motion to reopen in 2018, when the IJ determined Avalos was charged with receipt of the NOH. The IJ's determination was upheld by the BIA on appeal in 2021.

By failing to brief the matter, he waived any contention concerning the BIA's decision to rely on the prior resolution of the issue. *E.g.*, *Carreon v. Garland*, 71 F.4th 247, 255 (5th Cir. 2023) (recognizing petitioners waive contentions not briefed adequately). Accordingly, he has not shown the BIA abused its discretion in concluding that, based on the earlier determination that the NOH provided proper notice of his hearing, *Campos-Chaves* controls in this instance. *See Campos-Chaves*, 602 U.S. at 450–51, 456–62.

For Avalos' request for reopening to apply for cancellation of removal, the BIA correctly determined he was limited to filing one motion to reopen and was subject to a 90-day-filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (90-day deadline); *see also Djie v. Garland*, 39 F.4th 280, 282–83 (5th Cir. 2022).

He likewise asserts the BIA's denial of equitable tolling was erroneous. Equitable tolling is available if an alien shows "he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing". *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) (citation omitted). Avalos contends he acted diligently by filing his September 2023 second motion to reopen promptly after becoming aware that July decision in *Niz-Chavez v. Garland*, 593 U.S.

3

155 (2021). He further contends an extraordinary circumstance prevented his timely filing of the motion because his eligibility for cancellation of removal depended on *Niz-Chavez*' holding and our court's decision in *Rodriguez v. Garland*, 15 F.4th 351 (5th Cir. 2021).

His assertions are unavailing. As the BIA observed, *Niz-Chavez* was addressed in the BIA's July 2021 decision, two years before his at-issue second motion to reopen, upholding the denial of his first motion to reopen. Additionally, the issue in *Rodriguez* was rescission of an *in absentia*-removal order and not cancellation of removal. *Rodriguez*, 15 F.4th at 353–56.

Further, Avalos contends the BIA should have granted his request for *sua sponte* regulatory reopening under 8 C.F.R. § 1003.2(a). Our court lacks jurisdiction to review the issue, as there is "no legal standard [available] to judge the BIA's decision" under § 1003.2(a). *Garcia-Gonzalez v. Garland*, 76 F.4th 455, 465–66 (5th Cir. 2023) (citation omitted).

Avalos asserts his procedural and substantive due-process rights were violated because jurisdiction never vested with the immigration court before the IJ ordered him removed. As discussed *supra*, his jurisdiction contention fails. Accordingly, his due-process assertion is also unavailing.

Finally, Avalos contends the BIA erred by concluding he failed to demonstrate *prima facie* eligibility for cancellation of removal. The untimeliness of his second motion to reopen renders discussion of his assertion unnecessary. *See Immigr. & Naturalization Serv. v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

DISMISSED in part for lack of jurisdiction; DENIED in part.