# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 24, 2021

Lyle W. Cayce
Clerk

No. 19-60867
Summary Calendar

Juan Heriberto Maradiaga-Vardalez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 022 035

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Juan Heriberto Maradiaga-Vardalez, a native and citizen of Honduras, petitions us for review of a decision of the Board of Immigration Appeals denying his motion to reopen. Maradiaga-Vardalez moved to reopen his 2005 in absentia removal order on the basis of his Notice to Appear being

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60867

legally improper because he did not receive a Notice of Hearing, or because the Notice of Hearing was invalidated by the Supreme Court.

We are not compelled to find that Maradiaga-Vardalez has rebutted the weak presumption that his Notice of Hearing was delivered.  The record reflects that the Board considered all the evidentiary factors.  *Navarrete-Lopez v. Barr*, 919 F.3d 951, 954.  The Board was correct to give weight to Maradiaga-Vardalez's over ten-year delay in inquiring about his immigration status.  *See Mauricio-Benitez v. Sessions*, 908 F.3d 144, 151 (5th Cir. 2018).  Moreover, Maradiaga-Vardalez did not provide an affidavit from the cousin with whom he resided during the relevant period.

We reject Maradiaga-Vardalez's alternate argument that a recent Supreme Court case holds that his Notice to Appear was defective in light of *Pereira v. Sessions*, 138 S. Ct. 2108 (2018).  Accordingly, the Notice to Appear was proper under the law of this circuit and the agency had jurisdiction to decide this case.  *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1479–80 (2021); *see Maniar v. Garland*, 998 F.3d 235, 242 (5th Cir. 2021).  Maradiaga-Vardalez also asserts that *Pierre-Paul* should be overruled, but one panel of this court cannot overrule another.  *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  Finally, he asserts that the agency should have granted a sua sponte reopening based on his *Pereira* arguments, but we lack jurisdiction to order such a reopening.  *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206-07 (5th Cir. 2017).

DENIED in part; DISMISSED in part.