# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2021

Lyle W. Cayce
Clerk

No. 20-60284
Summary Calendar

Mirsa Osiris Canales-Osorto; Jefferson Alexander
Ulloa-Canales,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 432 061
BIA No. A209 432 060

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Mirsa Osiris Canales-Osorto, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

affirming the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]

When, as here, the BIA adopts the IJ's findings and conclusions, this court has authority to review both the IJ's and BIA's decisions. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). We review findings of fact, including the denial of asylum, withholding of removal, and CAT protection, under the substantial evidence standard. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under that standard, we may not reverse a factual finding unless the evidence "compels" such a reversal—i.e., the evidence must be "so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009).

Canales-Osorto argues that the removal proceedings were never properly initiated, as the putative notice to appear (NTA) did not include the time and place of the removal proceedings. As to the denial of asylum relief, Canales-Osorto contends that she clearly demonstrated past persecution and a well-founded fear of future persecution and that the persecution was due to her membership in the particular social group consisting of the family of her deceased brother. She further argues that the Honduran government was unable or unwilling to protect her from persecution and that she could not reasonably relocate within Honduras. In addition, Canales-Osorto maintains that she is eligible for withholding of removal and for protection under the CAT. She also argues that the IJ should have granted her humanitarian asylum as a matter of discretion; however, this claim is unexhausted and we therefore lack jurisdiction to address it. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

---

[1] Canales-Osorto is the lead petitioner; her minor son, Jefferson Alexander Ulloa-Canales, is a derivative beneficiary on her application.

No. 20-60284

Canales-Osorto's argument that the IJ lacked jurisdiction to conduct removal proceedings because the NTA lacked the date and time of the initial hearing is squarely foreclosed by *Maniar v. Garland*, 998 F.3d 235, 242 (5th Cir. 2021). Because the NTA in this case met the regulatory requirements, it was proper under the law of this circuit and the agency had jurisdiction to decide this case. *See Pierre-Paul v. Barr*, 930 F.3d 684, 689-90 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021); *see also Maniar*, 998 F.3d at 242 & n.2.[2]

To be eligible for asylum, an applicant must show that she is unable or unwilling to return to her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A)*; see also* 8 U.S.C. § 1158(b)(1). Persecution "is often described in the negative: It is *not* harassment, intimidation, threats, or even assault . . . [it] is a specific term that does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020) (internal quotation marks and citation omitted).

The harassment Canales-Osorto described—three threatening phone calls from an unknown individual—does not rise to the level of past persecution. *See id*. at 398-99; *cf. Tamara-Gomez v. Gonzales*, 447 F.3d 343, 346, 348-49 (5th Cir. 2006) (finding persecution where the petitioner's family received threatening phone calls and death threats, a bicycle bomb blew up in his neighborhood, other members of his unit were tracked down and killed, and his house was vandalized with graffiti calling him a "Two-Bit

---

[2] Canales-Osorto asked us to hold this case pending the decision in *Niz-Chavez*. That case has since been decided by the Supreme Court. However, as we explained in *Maniar*, it addressed only the context of the "stop-time" rule not the general jurisdiction over removal proceedings.

Snitch"). No reasonable factfinder would be compelled to conclude otherwise. *Wang*, 569 F.3d at 537.

Even assuming that the mistreatment Canales-Osorto endured rose to the level of persecution or that she showed a well-founded fear of future persecution, to be eligible for asylum, she must also establish a nexus between her particular social group and the persecution. *See* § 1101(a)(42)(A); *Cantarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019). Here, Canales-Osorto offered insufficient evidence demonstrating that her alleged protected trait—her familial relationship to her brother—was "at least one central reason" for the threatening phones calls and demands for money. § 1158(b)(1)(B)(i); *see Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015). Accordingly, the record does not compel the conclusion that the IJ and BIA erred by finding that there was no nexus. *See Wang*, 569 F.3d at 536-37.

Because she fails to meet the less stringent standard for asylum, Canales-Osorto is necessarily unable to establish eligibility for withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012). As to her claim for relief under the CAT, the evidence is insufficient to compel a conclusion that a public official would acquiesce in her torture if she were removed to Honduras. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228-29 (5th Cir. 2019); *Ramirez-Mejia*, 794 F.3d at 493-94.

The petition for review is DENIED in part and DISMISSED in part.