# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2022

Lyle W. Cayce
Clerk

No. 20-60850

Nahomy Paola Santos-Garcia,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 312 143

Before Willett, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:*

Nahomy Paola Santos-Garcia, a native and citizen of Honduras, petitions for review of a Board of Immigration Appeals's (BIA) decision denying her appeal of an immigration judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Santos-Garcia contends that the IJ erred by finding

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60850

that (1) she failed to demonstrate a nexus between alleged persecution and her membership in a particular social group, and (2) she failed to establish that it was more likely than not that she would be tortured if repatriated.

"While we typically only review the final decision of the BIA, when the IJ's ruling plays into the BIA's decision, as it does in this case, we review both the IJ's and the BIA's decisions." *Parada-Orellana v. Garland*, 21 F.4th 887, 893 (5th Cir. 2022). We review findings of fact, including the denial of asylum, withholding of removal, and CAT protection, for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

For Santos-Garcia to be eligible for asylum, she must show, *inter alia*, that she is unable or unwilling to return to her country "because of persecution or a well-founded fear of persecution on account of" membership in a particular social group. 8 U.S.C. § 1101(a)(42)(A). Persecution is "a *sustained*, systematic effort to target an individual on the basis of a protected ground." *Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020). Santos-Garcia must establish a nexus between her membership in a particular social group and her persecution. *See* § 1158(b)(1)(B)(i); *Sealed Petitioner v. Sealed Respondent*, 829 F.3d 379, 383 (5th Cir. 2016).

Substantial evidence supports the BIA's conclusion that there was not a sufficient nexus between any past persecution or fear of future persecution based on Santos-Garcia's membership in a particular social group.[1] Santos-Garcia asserted membership in three particular social groups:

---

[1] Santos-Garcia may have waived the nexus issue by failing to raise any meaningful challenge to the IJ's and BIA's nexus finding in her opening brief. *See Roy v. City of Monroe*, 950 F.3d 245, 251 (5th Cir. 2020) ("Failure adequately to brief an issue on appeal

(1) the "[s]ubset of nuclear Santos-Garcia family" that was persecuted by a Honduran gang because Santos-Garcia's father would not pay the gang's extortion fees; (2) Honduran women whose family members have been murdered by gangs and who refused to pay gang extortion fees owed by their dead relatives; and (3) the "[s]ubset of [n]uclear Santos-Garcia family" who were targeted by gangs due to their relationship with Santos-Garcia's father. The IJ held that none of the three social groups was cognizable because each was "defined in large part by the perceived harm to the individual" and thus was "insufficiently particular" or "socially distinct." The BIA affirmed the IJ's holding but did not address Santos-Garcia's proposed particular social groups. Instead, the BIA reasoned that Santos-Garcia failed to demonstrate a nexus between past persecution or fear of future persecution and her membership in a particular social group.

We agree with the BIA. Notably, Santos-Garcia testified that she was never personally threatened or harmed by a gang, and the only time her family was threatened or harmed by gang members was when they failed to pay an extortion fee. She also testified that most Hondurans were indiscriminately subject to extortion fees and violence by gangs. In other words, even assuming Santos-Garcia alleged membership in a cognizable particular social group, she did not present evidence that compels the conclusion that she has been, or will be, persecuted because of her membership in that particular social group. *See Wang*, 569 F.3d at 537; *Zhang*, 432 F.3d at 344. Her asylum claim therefore fails.

---

constitutes waiver of that argument." (quoting *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004)) (internal quotation marks omitted)). She fails to point to any record evidence or case law indicating that she established the requisite nexus between past persecution, or fear of future persecution, and her membership in a particular social group. Even if she did not waive this argument, Santos-Garcia's argument nonetheless fails on the merits, as discussed above the line.

No. 20-60850

Eligibility for withholding of removal bears a higher burden than eligibility for asylum. To sustain her claim for withholding of removal, Santos-Garcia must show a "clear probability" of persecution on account of a protected ground. *Revencu v. Sessions*, 895 F.3d 396, 402 (5th Cir. 2018) (internal quotation marks and citation omitted). Because Santos-Garcia has not met her burden of demonstrating eligibility for asylum, she necessarily fails to meet the higher burden for withholding of removal. Thus, we conclude that the BIA's dismissal of Santos-Garcia's appeal of this claim was not erroneous.

Finally, Santos-Garcia challenges the conclusion that she was not eligible for CAT relief. Eligibility for protection under the CAT requires an alien to show "that it is more likely than not that . . . she would be tortured if removed to the proposed country of removal." *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002) (quoting 8 C.F.R. § 1208.16(c)(2)). The IJ and BIA must consider "all evidence relevant to the possibility of future torture." *Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021) (quoting 8 C.F.R. § 1208.16(c)(3)(i)).

Ordinarily, we review denial of a CAT claim under the substantial evidence standard. *Zhang*, 432 F.3d at 344. But here, as Santos-Garcia correctly asserts, there is no indication that the IJ and BIA considered the evidence she offered regarding the general country conditions in Honduras. Notwithstanding, even if the IJ and BIA erred by not expressly considering the evidence, we may uphold the BIA's decision if there is "no realistic possibility that" the BIA's decision would have been different absent the error. *Maniar v. Garland*, 998 F.3d 235, 240 (5th Cir. 2021).

The evidence Santos-Garcia presents regarding the general conditions in Honduras does not lead us to conclude that there is a "realistic possibility" that the BIA would have found it is more likely than not that Santos-Garcia

No. 20-60850

faces torture upon return.  As mentioned above, Santos-Garcia testified that she had never been harmed or threatened by Honduran gangs.  Moreover, even though her evidence suggests that organized criminal gangs commit "significant" amounts of violent crime, including torture, and that the Honduran criminal justice system is corrupt, the evidence also highlights the Honduran government's concentrated efforts to remedy these problems.  In short, we find "no realistic possibility" that the BIA's decision would have been different if it had considered Santos-Garcia's evidence detailing the conditions in Honduras. *Maniar*, 998 F.3d at 240.

PETITION DENIED.