# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2022

Lyle W. Cayce
Clerk

No. 21-60595
Summary Calendar

Francisco Mohedano,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 200 721 962

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Francisco Mohedano, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an order of the immigration judge (I.J.) concluding that he was ineligible for asylum, withholding of removal, and relief under the Con-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

vention Against Torture ("CAT"). We review the BIA's decision and will consider the I.J.'s decision only to the extent that it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Mohedano's contention that the immigration court lacked jurisdiction because his Notice to Appear ("NTA") did not specify the time and date of his initial hearing is unavailing. As we have determined, our holding in *Pierre-Paul v. Barr,* 930 F.3d 684 (5th Cir. 2019), *overruled in part as recognized by Maniar v. Garland*, 998 F.3d 235, 242 n.2 (5th Cir. 2021), that an NTA is not fatally defective because it does not include the time, date, and place of future removal proceedings remains valid. *See Garcia v. Garland*, 28 F.4th 644, 647–48 (5th Cir. 2022); *Maniar*, 998 F.3d at 242.

In his brief, Mohedano does not contest the agency's determination that his asylum claim was untimely filed, nor does he challenge the denial of his claim for protection under the CAT. Accordingly, those claims are abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Concerning the withholding of removal, Mohedano asserts that the agency is in the process of revising regulations defining the elements of such claims. He specifically contends that, because some of the authority relied on by the agency pertaining to particular social groups ("PSGs") has been vacated, and regulations are being clarified or changed, a remand is in order.

But Mohedano has failed to brief the BIA's determination that he did not establish a nexus between the asserted persecution and a protected ground; he likewise raises no challenge to the BIA's determination that he failed to establish that the authorities in Mexico are unable or unwilling to protect him from the private actors that are the perpetrators of the alleged persecution. By not briefing the issues, Mohedano has waived any challenge to these dispositive determinations by the BIA. *See id.* We therefore need not address Mohedano's arguments related to PSGs. *See INS v. Bagama-*

No. 21-60595

*sbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The petition for review is DENIED.