# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2022

Lyle W. Cayce
Clerk

No. 21-60507
Summary Calendar

Cruz Cuare-Torres,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 146 113

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Cruz Cuare-Torres, a native and citizen of Mexico, was ordered removed in 2011 after he signed a document conceding removability and waiving his right to apply for any relief for which he might be eligible. He now petitions this court for review of the decision of the Board of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60507

Immigration Appeals (BIA) affirming the denial by the Immigration Judge (IJ) of his motion to reopen his removal proceedings. He argues that his motion is subject to equitable tolling, he is eligible for cancellation of removal, and the IJ lacked jurisdiction to enter the removal order because the Notice to Appear did not contain the time and date of the removal hearing. Insofar as Cuare-Torres seeks to challenge the BIA's failure to sua sponte reopen the removal proceedings, we lack jurisdiction to review that issue. *See Gonzales-Cantu v. Sessions*, 866 F.3d 302, 306 & n.5 (5th Cir. 2017).

The denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (internal quotation marks and citation omitted). We need not address Cuare-Torres's equitable tolling argument because the BIA did not abuse its discretion in alternatively denying his motion to reopen based on his failure to establish prima facie eligibility for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D); *INS v. Abudu*, 485 U.S. 94, 104 (1988); *Trejo v. Garland*, 3 F.4th 760, 766, 775 (5th Cir. 2021). Further, as Cuare-Torres correctly concedes, his argument that the IJ lacked jurisdiction over his removal proceedings is foreclosed by *Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021).

Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.