# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2022

Lyle W. Cayce
Clerk

No. 21-60105
Summary Calendar

Juan Carlos Reyes-Amaya,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 175 839

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:*

Juan Carlos Reyes-Amaya, a native and citizen of El Salvador, petitions for review of an order by the Board of Immigration Appeals (BIA) denying his motion to reopen and rescind his order of removal. Reyes-Amaya contends that he is prima facie eligible for cancellation of removal, the BIA

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60105

retained jurisdiction to consider his motion to reopen despite the departure bar, and his removal proceedings should be terminated because his notice to appear was defective. The Government has moved to dismiss for lack of jurisdiction.

Reyes-Amaya has filed a motion to hold his case in abeyance pending the BIA's determination whether the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), impacts the jurisdiction of an immigration court. However, we have already ruled that a notice to appear is sufficient to commence proceedings even if it does not include the time, date, or place of the initial hearing. *Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021) (post-*Niz-Chavez*). The motion for abeyance will therefore be denied.

"An alien seeking to reopen his removal proceedings has two options: (1) he can invoke the court's regulatory power to sua sponte reopen proceedings under either 8 C.F.R. § 1003.23(b) or 8 C.F.R. § 1003.2(a); or (2) he can invoke his statutory right to reopen proceedings under 8 U.S.C. § 1229a(c)(7)." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340-41 (5th Cir. 2016) (footnote omitted). Regardless of whether a petitioner files a regulatory or statutory motion to reopen, "a motion to reopen that does not comply with the requirements of § 1229a(c)(7) must be construed as a regulatory motion to reopen-even if it is labeled as a statutory motion to reopen." *Id.* at 342.

While a regulatory motion to reopen may be filed "at any time," 8 C.F.R. § 1003.23(b); 8 C.F.R. § 1003.2(a), a statutory motion to reopen must generally be filed within 90 days of the entry of a final order of removal, 8 U.S.C. § 1229a(c)(7)(C)(i). Because Reyes-Amaya's motion to reopen was not filed within 90 days of his order of removal and because he does not argue that he is entitled to equitable tolling, it must be deemed a regulatory motion

No. 21-60105

to reopen which we lack jurisdiction to address. *See Lugo-Resendez*, 831 F.3d at 342-44.

Based upon the foregoing, the petition for review is DISMISSED, the Government's motion to dismiss is GRANTED, and Reyes-Amaya's motion for abeyance is DENIED.