# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2023

Lyle W. Cayce
Clerk

No. 22-60502
Summary Calendar

———————

Melvin Alexis Cortez-Ramirez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of
the Board of Immigration Appeals
Agency No. A206 773 085

———————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Melvin Cortez-Ramirez, a native and citizen of El Salvador, petitions for review of an order of the BIA denying his motion to reopen. Because motions to reopen are "disfavored," we review under "a highly deferential abuse-of-discretion standard." *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304–05 (5th Cir. 2017). That standard protects a ruling that "is not capri-

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

cious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (citation omitted). Cortez-Ramirez has not satisfied the standard.

Insofar as Cortez-Ramirez maintains that his notice to appear ("NTA") was defective, and thus did not establish jurisdiction over his proceedings because the initial NTA did not include the time and date of his hearing, that theory is unavailing. *See Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021). We lack jurisdiction to consider Cortez-Ramirez's challenge to the BIA's decision not to exercise its discretion to reopen the proceedings *sua sponte*. *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017). Because the BIA considered the merits of his arguments, we need not consider his equitable-tolling argument. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam). Finally, his due process argument fails because he has not shown that the lack of a hearing date in the initial NTA prejudiced him. *See Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (per curiam).

The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.