# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-60629
Summary Calendar

———————

Sreekumari Konamudi; Sajeev Joseph,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 775 538, A208 775 539

———————————————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 22, 2023

Lyle W. Cayce
Clerk

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Sreekumari Konamudi, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) denying her motion to reopen. (Her husband, Sajeev Joseph, is a derivative beneficiary on her application for relief.) The BIA: ruled the motion was untimely; and, alternatively, denied relief on the merits.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Because motions to reopen are "disfavored", the denial of those motions are reviewed under "a highly deferential abuse-of-discretion standard". *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304–05 (5th Cir. 2017) (citation omitted). This standard requires a ruling to stand so long as "it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Id.* (citation omitted).

Konamudi's contention that the immigration court lacked jurisdiction over her removal proceedings because her notice to appear (NTA) did not include the time and date of her hearing is foreclosed under our precedent. *See, e.g.*, *Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021).

Next, "we lack jurisdiction to review the BIA's decision to decline *sua sponte* reopening". *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017).

Further, her due-process challenge fails because she has not shown that the lack of a hearing date in her NTA prejudiced her. *See Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018) ("To prevail on a claim regarding an alleged denial of due process rights, an alien must make an initial showing of substantial prejudice.").

Finally, because her petition fails on its merits, we need not consider whether she was entitled to equitable tolling. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

DISMISSED in part; DENIED in part.