# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-60649
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2023

Lyle W. Cayce
Clerk

Jenny Elizabeth Gonzalez-Luna,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A088 019 602

————————————————————

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jenny Elizabeth Gonzalez-Luna, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an order of the Immigration Judge (IJ) denying her motion to reopen. We review the BIA's decision and consider that of the

——————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

IJ only insofar as it influences the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Because motions to reopen are "disfavored," the denial of such a motion is reviewed under "a highly deferential abuse-of-discretion standard." *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304–05 (5th Cir. 2017) (internal quotation marks and citation omitted). This standard requires a ruling to stand so long as "it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (internal quotation marks and citation omitted). Gonzalez-Luna has not met this standard.

Gonzalez-Luna's argument that her notice to appear (NTA) was defective, and thus did not establish jurisdiction over her proceedings because the initial NTA did not include the time and date of her hearing, is unavailing. *See Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021). Her related challenge to the BIA's rejection of her equitable tolling argument likewise lacks merit. *See id.* Insofar as she argues that the 90-day deadline was inapplicable because she was challenging jurisdiction, this argument fails because this court has rejected the proposition that a jurisdictional claim regarding a defective NTA may be raised at any time. *See Flores-Abarca v. Barr*, 937 F.3d 473, 477–78 (5th Cir. 2019).

We lack jurisdiction to consider her challenge to the BIA's decision not to exercise its discretion *sua sponte* to reopen the proceedings. *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017). Finally, her due process argument fails because she has no liberty interest in reopening, which is a discretionary form of relief. *See id.* at 205–06. Moreover, she has not shown that the lack of a hearing date in the initial NTA prejudiced her because her argument that the allegedly defective NTA deprived the immigration court of jurisdiction over her proceedings is, as explained earlier,

No. 22-60649

unavailing. *See Maniar*, 998 F.3d at 242 & n.2; *Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (per curiam).

The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.