# United States Court of Appeals for the Fifth Circuit

---

No. 23-60085
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2023

Lyle W. Cayce
Clerk

Jhennyfer Sandrely Hernandez-Vega,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 028 048

---

Before Willett, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jhennyfer Sandrely Hernandez-Vega, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60085

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *See Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT relief is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, the petitioner has the burden of showing "that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 489 (5th Cir. 2015) (internal quotation marks and citation omitted).

Substantial evidence supports the BIA's determination that Hernandez-Vega failed to demonstrate the requisite nexus between the harm she claimed and her membership in the proposed particular social group of the "Hernandez-Vega family." The evidence showed that the gang robbed or otherwise victimized many people besides Hernandez-Vega's family, and there was no evidence that the gang expressed any animus particular to her family. *See Ramirez-Mejia*, 794 F.3d at 492-93. "Threats or attacks motivated by criminal intentions do not provide a basis for protection." *Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022). The conclusion is also supported by the evidence that many members of her family continue to live in Honduras without being specifically targeted by the gang. *See Ramirez-Mejia*, 794 F.3d at 493.

Regarding a well-founded fear of persecution, Hernandez-Vega claimed that she feared returning to Honduras due to the danger of gangs everywhere and the ineffectiveness or corruption of the police. She has failed to establish a well-founded fear of persecution, however, because she has not demonstrated that the gangs are motivated to harm her based on a protected ground. *See Tabora Gutierrez v. Garland*, 12 F.4th 496, 500 (5th Cir. 2021). "[A] fear of general violence and civil disorder is not sufficient to support a fear of future persecution." *Munoz-Granados*, 958 F.3d at 408. Because she

2

has failed to establish eligibility for asylum, she has also failed to satisfy her burden for withholding of removal. *See id.*

Substantial evidence also supports the denial of requested CAT relief. Hernandez-Vega was not harmed while she remained in Honduras for about six months after the robbery at her home, and several family members continued to live in Honduras unharmed. The evidence does not compel the conclusion that she more likely than not would be tortured if removed to Honduras. *See Ramirez-Mejia*, 794 F.3d at 493-94.

Lastly, Hernandez-Vega contends that her case should have been dismissed because her notice to appear did not include the hearing date and time. As the BIA determined, however, our precedent forecloses the argument. *See Castillo-Gutierrez v. Garland*, 43 F.4th 477, 480 (5th Cir. 2022). Federal regulations "govern what a notice to appear must contain to constitute a valid charging document." *Maniar v. Garland*, 998 F.3d 235, 242 (5th Cir. 2021) (internal quotation marks and citation omitted). Under the regulations, a notice to appear "is sufficient to commence proceedings even if it does not include the time, date, or place of the initial hearing." *Id.* (internal quotation marks and citation omitted). Furthermore, Hernandez-Vega filed her motion to terminate the proceedings only *after* she had already conceded removability under the notice to appear. The BIA did not err in concluding that she failed to timely object that the notice to appear violated a claim-processing rule. *See Pierre-Paul v. Barr*, 930 F.3d 684, 693 & n.6 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021).

The petition for review is DENIED.