# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 22-60366
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2023

Lyle W. Cayce

Rosa Herminia Valladares-Ardon; Noe Alexander Quintanilla-Valladares,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

――――――――――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 647 191
Agency No. A206 647 192

――――――――――――――――――――――――

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:*

―――――――――――――――

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Rosa Herminia Valladares-Ardon, a native and citizen of Honduras, timely petitions for review of the Board of Immigration Appeals' (BIA) decision denying her motion to reconsider.[1]

We review the denial of a motion to reconsider under an abuse-of-discretion standard. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 226 (5th Cir. 2019). Under this standard, Valladares-Ardon must identify either a "change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005)). The BIA's decision will stand unless it was "capricious, racially invidious [or] utterly without foundation in the evidence." *Id.* (quoting *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993)).

We lack jurisdiction to address the issue whether Valladares-Ardon provided adequate notice of her alleged change of address. She raised this issue in her motion for rehearing, but did not file a petition for review of the denial of that motion, and she did not repeat it in her motion for reconsideration. *See Ramos-Lopez v. Lynch*, 823 F.3d 1014, 1027 (5th Cir. 2016) ("Separate petitions for review are required to challenge the resolution of each motion to reopen and reconsider."). For the same reason, we lack jurisdiction to consider her contention that a deficient notice to appear deprived the immigration court of jurisdiction. *See Maniar v. Garland*, 998 F.3d 235, 242 (5th Cir. 2021). Finally, we lack jurisdiction to consider Valladares-Ardon's argument that the BIA should have exercised its sua sponte authority in this case. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 647 (5th Cir. 2010).

DISMISSED.

--------------------------------

[1] Valladares-Ardon is joined by her son, Noe Alexander Quintanilla-Valladares, as a derivative applicant.