# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2024

Lyle W. Cayce
Clerk

———————

No. 23-60564

———————

Mohamed Ould Sidi,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the Board of Immigration Appeals
Agency No. A201 241 612

_____

Before Jones, Smith, and Ho, *Circuit Judges*.

Per Curiam:[*]

Mohamed Ould Sidi illegally entered the US from Mauritania in 2011. After being removed, he reentered illegally again in 2022. To avoid being removed for a second time, Sidi seeks asylum asserting that he fears being tortured by the Mauritania government for his political activism. Sidi appeals the Board of Immigration Appeals's denial of his application for protection under the Convention Against Torture (CAT).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

In 2011, Mohamed Ould Sidi, a native and citizen of Mauritania, attempted to enter the US illegally and was removed. Sidi illegally reentered in 2022, and the previous removal order was reinstated. Sidi asserted that he feared returning to Mauritania because the government arrested him and beat him for his published articles criticizing the government.

The Immigration Judge (IJ) held a hearing where Sidi testified. The IJ denied Sidi relief because it determined he was not credible and that he failed to show likelihood of future torture. The IJ also considered a 2022 Department of State Country Condition Report for Mauritania and decided that the Report did not corroborate Sidi's assertions.

The Board of Immigration Appeals (BIA) dismissed the ensuing appeal, agreeing with the IJ's credibility determinations. Sidi timely petitioned for review to this court. Sidi argues that the BIA erred by affirming the IJ's decision solely based on the adverse credibility determination. Specifically, he asserts that the BIA should have considered the Country Condition Report.

We review the BIA's denial of relief under the Convention Against Torture (CAT) for substantial evidence. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Substantial evidence supports a decision unless "the evidence is so compelling that no reasonable fact finder could fail to find the petitioner statutorily eligible for relief." *Mirza v. Garland*, 996 F.3d 747, 752 (5th Cir. 2021) (citations omitted).

Additionally, one who seeks CAT relief must show that, if repatriated, he more likely than not would be tortured. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). The BIA errs when it ignores "independent, non-testimonial evidence going to the likelihood of torture," and denies a CAT claim based only on credibility. *Arulnanthy v. Garland*, 17 F.4th 586, 597-98 (5th Cir. 2021). This is because a CAT claim requires the IJ and the BIA to

consider evidence concerning human rights violations and conditions in the country of removal. *Id.* at 598 (citing 8 C.F.R. § 1208.16(c)(3)).

Sidi argues that *Arulnanthy v. Garland* requires this court to reverse the BIA's decision. 17 F.4th 586, 597-98 (5th Cir. 2021). In *Arulnanthy,* the IJ did not consider the country condition reports submitted by the petitioner and denied CAT relief based only on the petitioner's lack of credibility. *Id.* at 591. When the BIA upheld the IJ's decision, it explicitly refused to consider the reports and affirmed the IJ's decision solely on the adverse credibility determination. *Id.* at 592. This court said the BIA's refusal to consider the reports constituted reversible error. *Id.* at 598.

Unlike in *Arulnanthy,* we cannot be sure that the BIA in Sidi's case did not consider the Country Condition Report. Rather, it seems that the BIA did consider the Report and affirmed the IJ's decision in part because of it. To be sure, the BIA affirmed the decision "for the reasons provided by the Immigration Judge." And the IJ determined that the Report was inconsistent with Sidi's testimony regarding his torture claims. It's reasonable to assume that the Report, coupled with Sidi's own assertions, was part of the reason the IJ made the adverse credibility determination. While the BIA did not explicitly mention the Report, it did not say that it did not consider the Report either.

Either way, even a flawed BIA decision may be upheld if there is "no realistic possibility that" the decision would have been different absent the error. *Maniar v. Garland*, 998 F.3d 235, 240 (5th Cir. 2021) (citations omitted). We are certain that even if we assume the BIA made an error by not considering the Report, there is no realistic probability that the BIA will make a different decision on remand.

For the reasons stated above, we deny the petition for review.