# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2025

Lyle W. Cayce
Clerk

No. 24-60253
Summary Calendar

————————

Roland Omar Gramajo-Reyes,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A076 830 826

————————

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Roland Omar Gramajo-Reyes, a native and citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motions for reopening and reconsideration. We review these denials under "a highly deferential abuse-of-discretion standard." *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 304 (5th Cir. 2017) (internal quotation marks

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and citations omitted); *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017). This standard requires a ruling to stand as long as "it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (citation omitted). Gramajo-Reyes has not met this standard.

His argument that his notice to appear (NTA) was fatally flawed and failed to confer jurisdiction upon the immigration court because it did not give a time and date for his hearing fails because the single-document requirement for an NTA does not affect the jurisdiction of the immigration court. *See Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021). His challenge to the BIA's rejection of his argument that his NTA was statutorily deficient likewise fails to show an abuse of discretion. *See Zhao*, 404 F.3d at 304; *Matter of Fernandes*, 28 I. & N. Dec. 605, 608-11 (BIA 2022); *Matter of Nchifor*, 28 I. & N. Dec. 585, 589 (BIA 2022). His argument that his due process rights were infringed due to the alleged deficiencies in the NTA fails because it is grounded in his unavailing challenges to the NTA and because the record shows that he attended all of his hearings, thus showing that he was not prejudiced by the alleged flaw in the NTA. *See Maniar*, 998 F.3d at 242 & n.2; *Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020).

The BIA likewise did not err by concluding that his reinstated removal order was not amenable to reopening so that he could apply for cancellation. *See* 8 U.S.C. § 1231(a)(5); *Rodriguez-Saragosa v. Sessions*, 904 F.3d 349, 355 (5th Cir. 2018). Finally, we lack jurisdiction to consider his argument challenging the BIA's decision not to exercise its power to sua sponte reopen his proceedings. *Qorane v. Barr*, 919 F.3d 904, 911-12 (5th Cir. 2019). The petition for review is DENIED in part and DISMISSED in part.