# United States Court of Appeals for the Fifth Circuit

---

No. 24-50353
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Ruben Zuniga,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-2503-1

---

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Carlos Ruben Zuniga appeals his bench trial conviction for illegal reentry into the United States, which followed the denial of his motion to dismiss the indictment. *See* 8 U.S.C. § 1326. Zuniga argues on appeal that the underlying removal order was invalid because the notice to appear in his initial immigration proceedings was defective where it did not include the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

time and date of the removal hearing and as such, the immigration judge lacked jurisdiction to issue the removal order.  Zuniga further contends that he may collaterally attack the fundamentally unfair removal proceeding as he meets, or is excused from, the requirement that he exhaust administrative remedies.  The Government now moves for summary affirmance, or, in the alternative, for an extension of time in which to file a brief.  While Zuniga takes no position on the motion, he concedes that his arguments are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490, 496-98 (5th Cir. 2019), and *Pierre-Paul v. Barr*, 930 F.3d 684, 688-90 (5th Cir. 2019), *overruled in part on other grounds as recognized by Maniar v. Garland*, 998 F.3d 235, 242 n.2 (5th Cir. 2021).

In *Pedroza-Rocha*, we concluded that (1) a notice to appear that lacked the date and time of the removal hearing was not defective, (2) any defect was cured by the subsequent service of a notice of hearing, and (3) the purported defect was not jurisdictional.  933 F.3d at 497.  Additionally, we held that the defendant could not collaterally attack the notice to appear without first exhausting administrative remedies.  *Id*. at 498.

Because Zuniga correctly concedes that his arguments are foreclosed, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Therefore, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the district court's judgment is AFFIRMED.