# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2023

Lyle W. Cayce
Clerk

No. 23-60149
Summary Calendar

_____

Bernardina Suar Ticum,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 383 277

_____

Before Elrod, Oldham, and Wilson, *Circuit Judges.*

Per Curiam:[*]

Bernardina Suar Ticum, a native and citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals (BIA), dismissing her appeal and affirming the denial by the immigration judge (IJ) of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60149

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). By adopting the IJ's decision and citing to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), the BIA effectively preserved the IJ's decision for review. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed *de novo*. *Orellana-Monson*, 685 F.3d at 517. The substantial evidence test "requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). This court will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006).

As an initial matter, Suar Ticum argues that because her Notice to Appear (NTA) lacked the date and time of her removal hearing, jurisdiction never vested with the immigration court. This court held in *Pierre-Paul v. Barr*, 930 F.3d 684, 691–93 (5th Cir. 2019), that a defect in an NTA does not deprive an immigration court of jurisdiction over removal proceedings. Though the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), abrogated *Pierre-Paul* in part, we have since confirmed that the jurisdictional holding from *Pierre-Paul* remains "the law of [this] circuit," even after *Niz-Chavez*. *Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021). Thus, there is no merit to Suar Ticum's contention that the immigration court lacked jurisdiction over her removal proceedings. *See Pierre-Paul*, 930 F.3d at 693.

Suar Ticum next argues that the three threats she received from her brother's ex-girlfriend in Guatemala are sufficient to show past persecution. This court has observed that "[p]ersecution is often described in the

negative: It is *not* harassment, intimidation, threats, or even assault." *Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020). Similarly, it "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (internal quotation marks and citation omitted). As such, the BIA reasonably found that the three threats Suar Ticum received did not rise to the level of persecution. *See Omagah*, 288 F.3d at 258.

Additionally, Suar Ticum argues that the BIA erred in finding that the harm she suffered and feared in Guatemala did not have the requisite nexus to a protected ground. Though Suar Ticum contends that her family relationship, particularly her relationship to her brother Carlos, was one central reason for the harm she suffered, the record does not support her contention.[1]

Suar Ticum testified that her brother's ex-girlfriend targeted her because she was angry at Carlos for ending their romantic relationship and wanted revenge, not because of any animus towards Suar Ticum's family. Given that Suar Ticum has shown only personal motives behind the threats she experienced in Guatemala, the BIA did not err in finding that she had failed to show the requisite nexus between the alleged persecution and a protected ground. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

---

[1] Suar Ticum states elsewhere in her brief that she was persecuted and has a well-founded fear of future persecution based on her religion and her membership in several other PSGs. Suar Ticum has failed to brief these issues adequately for review and has abandoned them. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

No. 23-60149

Finally, Suar Ticum argues that the BIA erred in affirming the IJ's denial of CAT relief because her credible testimony and the country conditions evidence supports the finding that it is more likely than not that she will be tortured if removed to Guatemala.

Before the IJ, Suar Ticum testified that she did not report her brother's ex-girlfriend's threats to the police because the police "don't do anything," and she did not want to put her family in danger. She asserted that in her hometown in Guatemala, the police routinely released criminals from jail after "two or three days," even individuals accused of murder. Based on her experiences in Guatemala, Suar Ticum testified that she did not believe that the police could protect her from her brother's ex-girlfriend, who had threatened to kill her.

Though the country conditions evidence describes instances of police corruption and abuse of authority, on balance, it does not compel the conclusion that Suar Ticum would "more likely than not" be tortured if removed to Guatemala. *See Mwembie v. Gonzales*, 443 F.3d 405, 415 (5th Cir. 2006); *see also Chen*, 470 F.3d 1142 (explaining that "[t]he government's inability to provide 'complete security' to the petitioner from [private actors] did not rise to the level of state action" required under the CAT). As such, the BIA did not err in adopting the IJ's finding that Suar Ticum had failed to show that she was eligible for relief under the CAT.

The petition for review is DENIED.